UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| SOFTWARE RIGHTS ARCHIVE, LLC | § | |
| | § | |
| vs. | § | CASE NO. 2:07-CV-511-CE |
| | § | |
| GOOGLE, INC., ET AL. | § | |

**MEMORANDUM OPINION AND ORDER**

**I.      Introduction**

Pending before the court is the defendants Google, Inc.'s ("Google"), Yahoo! Inc.'s ("Yahoo"), IAC Search & Media, Inc.'s ("IAC"), AOL, LLC's ("AOL"), and Lycos, Inc.'s ("Lycos") motion to transfer venue (Dkt. No. 130). The defendants contend that the Northern District of California is a more convenient forum than the Eastern District of Texas and seek to transfer venue pursuant to 28 U.S.C. § 1404(a). The court GRANTS the motion to transfer venue, as the balance of the private and public factors demonstrates that the transferee venue is "clearly more convenient" than the venue chosen by the plaintiff. *See In re Volkswagen of Am., Inc.* (Volkswagen III), 566 F.3d 1349 (Fed. Cir. 2009); *In re Genentech, Inc.*, 566 F.3d 1338 (Fed. Cir. 2009); *In re TS Tech USA Corp.*, 551 F.3d 1315 (Fed. Cir. 2008); *In re Volkswagen of Am., Inc.* (Volkswagen II), 545 F.3d 304 (5th Cir. 2008) (en banc).

**II.     Factual and Procedural Background**

The plaintiff Software Rights Archive, LLC ("SRA") is a Delaware limited liability company and has its principal place of business in Marshall, Texas. Google is a Delaware corporation and has its principal place of business in Mountain View, California. Yahoo is a Delaware corporation and has its principal place of business in Sunnyvale, California. IAC is a Delaware corporation and has its principal place of business in Oakland, California. AOL is a Delaware limited liability

company and has its principal place of business in Dulles, Virginia.  Lycos is a Delaware corporation and has its principal place of business in Waltham, Massachusetts.

On November 21, 2007, SRA filed its complaint in the Eastern District of Texas against the defendants and alleged infringement of U.S. Patent Nos. 5,544,352 ("the '352 patent"), 5,832,494 ("the '494 patent"), and 6,233,571 ("the '571 patent").  The defendants moved to dismiss this case for lack of standing on July 16, 2008 (Dkt. No. 66); the motion to dismiss was denied on March 31, 2009 (Dkt. No. 138).  The motion to transfer venue under consideration was filed on February 20, 2009 (Dkt. No. 130).

The defendants in this case filed a declaratory judgment action against SRA in the Northern District of California on July 1, 2008.  *Google, Inc. v. Egger*, 5:08-cv-3172 (N.D. Cal. July 1, 2008), ECF No. 1.  On August 22, 2009, this Northern District of California action was stayed pending resolution or transfer of the instant case.  *Id.* at ECF No. 134.

**III.   Analysis**

    **A.   Applicable Law Regarding Motions to Transfer**

"For the convenience of parties, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).  The Fifth and Federal Circuits have enunciated the standard to be used in deciding motions to transfer venue.  *See Volkswagen III*, 566 F.3d 1349; *In re Genentech.*, 566 F.3d 1338*; In re TS Tech USA Corp.*, 551 F.3d 1315 (applying the Fifth Circuit's en banc *Volkswagen II* decision to rulings on transfer motions out of this circuit); *Volkswagen II*, 545 F.3d 304.  The moving party must show "good cause," and this burden is satisfied "when the movant demonstrates that the transferee venue is clearly more convenient." *Volkswagen II*, 545 F.3d at 314.

The initial threshold question is whether the suit could have been brought in the proposed transferee district. *In re Volkswagen AG* (Volkswagen I), 371 F.3d 201, 203 (5th Cir. 2004). If the transferee district is a proper venue, then the court must weigh the relative conveniences of the current district against the transferee district. In making the convenience determination, the Fifth Circuit considers several private and public interest factors, none of which are given dispositive weight. *Id.* "The private interest factors are: '(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.'" *Volkswagen II*, 545 F.3d at 315 (quoting *Volkswagen I*, 371 F.3d at 203). "The public interest factors are: '(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [in] the application of foreign law.'" *Id.* (quoting *Volkswagen I*, 371 F.3d at 203).

### B.     Proper Venue

As a threshold matter, the court must determine if venue is proper in the Northern District of California. SRA contends that the Northern District of California may not have personal jurisdiction over Lycos. Venue requirements are satisfied in patent infringement cases "where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). As SRA has accused Lycos of nationwide acts of infringement, including the Eastern District of Texas and the Northern District of California, the Northern District of California has at least specific jurisdiction over Lycos.

The plaintiff also argues that "[p]ersonal jurisdiction over SRA in California is uncertain, which strongly militates against transfer there." The Federal Circuit has rejected SRA's argument

and held that the transferee court must have personal jurisdiction over the defendants, not the plaintiff. *Genentech*, 566 F.3d at 1346. Thus, venue is proper in the proposed transferee district.

    **C.**    **Private Interest Factors**

        *1.*    *Relative Ease of Access to Sources of Proof*

The relative ease of access to sources of proof is the first factor to consider. "That access to some sources of proof presents a lesser inconvenience now than it might have absent recent developments does not render this factor superfluous." *Volkswagen II*, 545 F.3d at 316. The defendants contend that the vast majority of physical evidence is located in the Northern District of California. According to the defendants, most of the evidence is located at the headquarters of Google, Yahoo, and IAC, the owners of the accused search technology. In response, SRA argues that the documentary evidence is located throughout the country, including the East Coast, and thus the centrally-located Eastern District of Texas is a more convenient venue than the Northern District of California. But the Federal Circuit has rejected the plaintiff's central location theory in situations where none of the identified documents were located in the Eastern District of Texas. *In re Nintendo Co.*, 589 F.3d 1194, 1199 (Fed. Cir. 2009). SRA also argues that its documents are located in Texas. In general, the ease of accessing the defendants' sources of proof weighs more heavily than the ease of plaintiff's proof, because the majority of relevant evidence in patent infringement suits usually comes from the accused infringers. *In re Genentech*, 566 F.3d at 1345. Furthermore, the plaintiff does not indicate why its documents are located in Texas. *See In re Hoffmann-La Roche Inc.*, 597 F.3d 1333, 1336-37 (Fed. Cir. 2009) (holding that a transfer of documents to Texas in anticipation of litigation should not weigh against venue transfer). In all, this factor strongly favors transfer.

### 2. *Availability of Compulsory Process*

The next private interest factor is the availability of compulsory process to secure the attendance of non-party witnesses. Rule 45(c)(3)(A)(ii) limits the court's subpoena power by protecting non-party witnesses who work or reside more than 100 miles from the courthouse. *Volkswagen II*, 545 F.3d at 316. Neither side has identified any witnesses located within 100 miles of Marshall, Texas. On the other hand, the defendants have identified three non-party witnesses who reside within 100 miles of several of the Northern District of California's courthouses. No district court has absolute subpoena power over all of the likely witnesses. *See Volkswagen II*, 545 F.3d at 317. Yet the Northern District of California's subpoena power over some witnesses must be considered. *See Hoffmann-La Roche*, 587 F.3d at 1337-38. Thus, this factor slightly favors transfer.

### 3. *Cost of Attendance for Willing Witnesses*

Next, the court must weigh the cost for witnesses to travel and attend trial in the Eastern District of Texas versus the Northern District of California. The Fifth Circuit has explained:

> [T]he factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled. Additional distance means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment.

*Volkswagen I*, 371 F.3d at 205. The court must consider the convenience of both the party and non-party witnesses. *See id.* at 204 (requiring courts to "contemplate consideration of the parties and witnesses"); *Fujitsu Ltd. v. Tellabs, Inc.*, 639 F. Supp. 2d 761, 765-66 (E.D. Tex. 2009).

The issues here are similar to those discussed above in ease of access to sources of proof. Most of Google's, Yahoo's, and IAC's employees are located in the Northern District of California, and the defendants have identified sixty-five potential witnesses in the proposed transferee district. In response, SRA notes that many potential witnesses are scattered throughout the country; for these

witnesses, travel to Marshall, Texas would be more convenient than travel to California. The plaintiff also argues that several customers of Google's accused AdWords program reside in the Eastern District of Texas. It is likely, however, that the defendants could identify at least as many customers who reside in the Northern District of California. In all, this factor favors transfer.

### 4. Other Practical Problems

The court must also consider "the interest of justice" in ruling on a motion to transfer venue. 28 U.S.C. § 1404(a); *Volkswagen II*, 545 F.3d at 315 ("When viewed in the context of § 1404(a), to show good cause means that a moving party, in order to support its claim for a transfer, must satisfy the statutory requirements and clearly demonstrate that a transfer is '[f]or the convenience of parties and witnesses, in the interest of justice.'"). The Federal Circuit has held that, in patent cases, the "consideration of the interest of justice, which includes judicial economy, may be determinative to a particular transfer motion, even if the convenience of the parties and witnesses might call for a different result." *Regents of the Univ. of Cal. v. Eli Lilly & Co.*, 119 F.3d 1559, 1565 (Fed. Cir. 1997). Judicial economy weighs against transfer when the court already has familiarity with the case's factual issues. *Volkswagen III*, 566 F.3d 1349, 1351 (Fed. Cir. 2009).

Parties must move for venue transfer with "reasonable promptness," and a movant's delay weighs against granting transfer. *Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989). Courts have found that the following delays weighed against transfer: sixteen months, *Novartis Vaccines & Diagnostics, Inc. v. Wyeth*, 2010 WL 1374806, at \*5 (E.D. Tex. Mar. 31, 2010), thirteen months, *ATEN Int'l Co. v. Emine Tech. Co.*, 261 F.R.D. 112, 126 n.4 (E.D. Tex. 2009); *Moto Photo, Inc. v. K.J. Broadhurst Enters., Inc.*, 2003 WL 298799, at \*5 (N.D. Tex. Feb. 10, 2003), nine months, *Zamora-Garcia v. Moore*, 2006 WL 3341034, at \*4 (S.D. Tex. Nov. 16, 2006), and six months, *Konami Digital Entm't Co. v. Harmonix Music Sys., Inc.*, 2009 WL 781134, at \*7 (E.D.

Tex. Mar. 23, 3009); *N2 Consulting, LLC v. Engineered Fastener Co.*, 2002 WL 31246770, at *2 (N.D. Tex. Oct. 2, 2002). In this case, fifteen months elapsed between SRA's filing of this lawsuit and the defendants' filing of the motion to transfer under consideration. During this time, the parties fully briefed a motion to dismiss, agreed to docket control, discovery, and protective orders, engaged in discovery, served initial disclosures, and exchanged infringement and invalidity contentions. *See Novartis*, 2010 WL 1374806, at *5; *eTool Dev., Inc. v. Nat'l Semiconductor Corp.*, 2010 WL 1000790, at *4 (E.D. Tex. Mar. 15, 2010). However, the motion was filed well in advance of claim construction and trial. It was also filed before the court ruled on the motion to dismiss, the basis for which was a challenge to standing.

In *In re VTech Communications, Inc.*, 2010 WL 46332 (Fed. Cir. Jan. 6, 2010), the Federal Circuit declined to order venue transfer and held that it is proper for the district court to consider its investment and familiarity with a case that has reached an advanced stage. *Id.* at *2. Although claim construction has not yet occurred, the present case has progressed significantly since filing, and the court has become familiar with the parties' claims. *See id.* In light of the resources already expended and the delay in filing the motion to transfer, the court finds that this factor weighs heavily against transfer. *See Novartis*, 2010 WL 1374806, at *5; *eTool*, 2010 WL 1000790, at *4.

### D.     Public Interest Factors

#### 1.     Court Congestion

The court is persuaded that both this court and the Northern District of California can efficiently handle this matter. *eTool*, 2010 WL 1000790, at *3; *Mediostream, Inc. v. Microsoft Corp.*, 2009 WL 3161380, at *5 (E.D. Tex. Sept. 30, 2009). As such, this factor is neutral.

7

### 2.     *Local Interest*

The court must consider local interest in the litigation, because "[j]ury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation." *Volkswagen I*, 371 F.3d at 206 (5th Cir. 2004). Interests that "could apply virtually to any judicially district or division in the United States," such as the nationwide sale of infringing products, are disregarded in favor of particularized local interests. *Volkswagen II*, 545 F.3d at 318; *In re TS Tech*, 551 F.3d at 1321.

The defendants argue that the Northern District of California has a strong local interest in resolving this case. Google, Yahoo, and IAC are headquartered in the proposed transferee district, and AOL has an office there. The asserted patent was formerly held by Site Technologies, Inc., a defunct corporation headquartered in the Northern District of California, and was assigned to Daniel Egger in an agreement executed under California law. In response, SRA notes that several of the defendants have offices in Texas, including AOL's office in Lewisville, which is located within the Eastern District of Texas. SRA also argues that it has an office in Marshall, Texas and has been doing business in Texas since November 2007. But the Federal Circuit has specifically held that establishing a principal place of business in this district shortly before filing suit does not create a local interest. *In re Zimmer Holdings, Inc.*, 2010 WL 2553580, at *2-3 (Fed. Cir. June 24, 2010); *see In re Apple Inc.*, 2010 WL 1922942, at *1 (Fed. Cir. May 12, 2010) (holding that the plaintiff's status as a Texas corporation was not entitled to significant weight, as its presence in Texas appeared "to be both recent and ephemeral"). As such, this factor favors transfer.

### 3.     *Familiarity with the Governing Law*

One of the public interest factors is "the familiarity of the forum with the law that will govern the case." *Volkswagen I*, 371 F.3d at 203. Both the Northern District of California and the

Eastern District of Texas are familiar with patent law, and thus this factor is neutral. *See In re TS Tech*, 551 F.3d at 1320-21.

### 4. Avoidance of Conflict of Laws

No conflict of laws issues are expected in this case, so this factor does not apply.

## IV. Conclusion

The Northern District of California is "clearly more convenient" than the Eastern District of Texas. Although the judicial economy factor strongly weighs against transfer, the location of sources of proof strongly favors transfer, the cost of attendance of willing witnesses and local interest favor transfer, and the availability of compulsory process slightly favors transfer. This court has previously denied late-filed motions to transfer venue on account of judicial economy and the interests of justice. *E.g.*, *Novartis*, 2010 WL 1374806; *eTool*, 2010 WL 1000790. This case is distinguishable from *Novartis Vaccines & Diagnostics, Inc. v. Wyeth* and *eTool Development, Inc. v. National Semiconductor Corp.*, however, because the present motion to transfer was filed shortly after *TS Tech* was decided, and the motion was filed after the defendants had filed a motion challenging standing, the disposition of which logically preceded the venue determination. In addition, several of the parties are headquartered in the proposed transferee forum. Finally, it bears mention that during the pendency of the present motion, the Federal Circuit issued a number of decisions that were contrary to the arguments advanced by the plaintiff in opposition to the motion. As such, the defendants' motion to transfer venue is GRANTED. The court suspends any deadline under the Local Rules for responding to pending motions.

SIGNED this 22nd day of July, 2010.

_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE